UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                    §
                                          §
                                          §
Gary A. Busse                             §    Case No. 13-39441
                                          §
            Debtor(s)                     §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter   of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554 except that the trustee reserves, pursuant to 11 U.S.C. section 554(c), the estate's interest in the following: Asset #10 (Red Bus Racing, Inc. - 50% Shareholder The Sole Asset Of The)  The filing of the Trustee's Final Report shall not be deemed an abandonment of the estate's interest in this asset. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

Leaving a balance on hand of[1]        $

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was            and the deadline for filing governmental claims was           . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $       . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $       as interim compensation and now requests a sum of $       , for a total compensation of $       [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $      , and now requests reimbursement for expenses of $      , for total expenses of $       [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joji Takada, Chapter 7 Trustee_____
                                 Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-39441 BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|
| Case Name: | Gary A. Busse | | | Date Filed (f) or Converted (c): | 10/08/2013 (f) |
| | | | | 341(a) Meeting Date: | 11/18/2013 |
| For Period Ending: | 05/22/2014 | | | Claims Bar Date: | 04/09/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Location: 502 Chestnut Drive, Oswego Il 60543 | 251,000.00 | 0.00 | | 0.00 | FA |
| 2. Kane County Teachers Credit Union Checking | 25.00 | 0.00 | | 0.00 | FA |
| 3. Kane County Teachers Credit Union Savings | 5.00 | 5.00 | | 0.00 | FA |
| 4. Miscellaneous Household Goods And Furnishings | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 5. Miscellaneous Pictures, Books, Dvds, Cds | 100.00 | 0.00 | | 0.00 | FA |
| 6. Debtor's Necessary Wearing Apparel | 250.00 | 0.00 | | 0.00 | FA |
| 7. Miscellaneous Wristatches | 200.00 | 200.00 | | 0.00 | FA |
| 8. Automobile And Homeowners Policies | 0.00 | 0.00 | | 0.00 | FA |
| 9. Three Whole Life Polices Insuring The Lives Of Debtor's Chil | 5,016.44 | 5,016.44 | | 0.00 | FA |
| 10. Red Bus Racing, Inc. - 50% Shareholder The Sole Asset Of The | 9,000.00 | 6,525.00 | | 3,500.00 | FA |
| 11. 2004 Ford Expedition | 4,500.00 | 600.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $271,096.44    $13,346.44    $3,500.00    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

012914--Negotiated settlement with Debtor regarding 50% interest in racing company. Trustee to file motion to approve.

Initial Projected Date of Final Report (TFR): 10/08/2014    Current Projected Date of Final Report (TFR): 10/08/2014

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 13-39441  
Case Name: Gary A. Busse  
Taxpayer ID No: XX-XXX8284  
For Period Ending: 05/22/2014  

Trustee Name: Joji Takada, Chapter 7 Trustee  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX8128  
Checking  
Blanket Bond (per case limit):  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/09/14 | 10 | Gary Busse | Settlement payment Lump sum payment for Compromise re interest in privately-held stock | 1129-000 | $3,500.00 | | $3,500.00 |
| 05/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507 (a)(2) | 2600-000 | | $10.00 | $3,490.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $3,500.00 | $10.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $3,500.00 | $10.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $3,500.00 | $10.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals: $3,500.00  $10.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8128 - Checking | $3,500.00 | $10.00 | $3,490.00 |
|  | $3,500.00 | $10.00 | $3,490.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $3,500.00 |
| Total Gross Receipts: | $3,500.00 |

Page Subtotals:                            $0.00           $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-39441  
Debtor Name: Gary A. Busse  
Claims Bar Date: 4/9/2014  

Date: May 22, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 1 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL  60646 | Administrative | | $0.00 | $875.00 | $875.00 |
| 100 1 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL  60646 | Administrative | | $0.00 | $4.45 | $4.45 |
| 1 300 7100 | American Infosource Lp As Agent For<br>Midland Funding Llc<br>Po Box 268941<br>Oklahoma City, Ok 73126-8941 | Unsecured | | $13,356.00 | $13,356.02 | $13,356.02 |
| 2 300 7100 | Asset Acceptance Llc Assignee Fia Card Services<br>Po Box 2036<br>Warren, Mi 48090 | Unsecured | | $32,447.00 | $32,756.36 | $32,756.36 |
| 3 300 7100 | N. A. Capital One Bank (Usa)<br>Capital One Bank (Usa), N.A.<br>By American Infosource Lp As Agent<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $3,794.00 | $3,794.51 | $3,794.51 |
| | Case Totals | | | $49,597.00 | $50,786.34 | $50,786.34 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1     Printed: May 22, 2014

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-39441
Case Name: Gary A. Busse
Trustee Name: Joji Takada, Chapter 7 Trustee

      Balance on hand       $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses     $_____
    Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American Infosource Lp As Agent For | $ | $ | $ |
| 2 | Asset Acceptance Llc Assignee Fia Card Services | $ | $ | $ |
| 3 | N. A. Capital One Bank (Usa) | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE